FLETCHER, Circuit Judge,
Dissenting.
I respectfully dissent.
The majority holds that Benedor subjected itself to the core jurisdiction of the bankruptcy court by filing a proof of claim even though its claim is not within the traditional equitable jurisdiction of the bankruptcy court and Benedor was forced to file a proof of claim.
Had the bankruptcy court abstained as it was required to do, the appellee would not be in the Kafkaesque position the majority imposes on it today. Its contract claim is a state law claim. Absent bankruptcy, the claim could not be pursued in a federal forum. It was commenced in a state forum of appropriate jurisdiction prior to bankruptcy. It was capable of timely adjudication. It was a non-core 'proceeding. See Granfinanciera, S.A v. Nordberg, 492 U.S. 33, 55-56, 109 S.Ct. 2782, 2797-2798, 106 L.Ed.2d 26 (1989) (“The plurality [in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 71, 102 S.Ct. 2858, 2871-72, 73 L.Ed.2d 598 (1982) ] noted that the restructuring of debtor-creditor relations in bankruptcy ‘may well be a “public right”.’ But the plurality also emphasized that state-law causes of action for breach of contract or warranty are paradigmatic private rights, even when asserted by an insolvent corporation in the midst of Chapter 11 reorganization proceedings.”). The point further made emphatically in both cases is that there is a constitutional right to a jury trial for such claims.
The bankruptcy court was wrong not to abstain and to lift the stay on the state court proceedings. I think the majority would agree. Where our disagreement arises is over the effect of the filing of a creditor’s claim. This occurred after the bankruptcy court’s decision.
The district court, I submit, rightly reversed the bankruptcy court. The majority holds otherwise because Benedor filed a creditor’s claim. Benedor, obviously frantic, on the last extended date to file a creditor’s claim, the very day on which the district court heard Benedor’s appeal, filed a claim as a defensive matter. The district court quite properly ruled that the filing did not transmute the state-law contract proceeding in state court into a core proceeding in the bankruptcy court under the circumstances of this case.
This is the sequence: Benedor’s state court suit had been automatically stayed pursuant to 11 U.S.C. § 362(a). Conejo then removed Benedor’s contract claim to the bankruptcy court. Benedor resisted Cone-jo’s attempt to resolve its state law contract action in the bankruptcy court; it requested that the bankruptcy court abstain, asked that the action be remanded to state court, and sought to lift the automatic stay so that the state court could adjudicate its claim. The bankruptcy court decided against Benedor. Benedor sought an extension of the claims *1469 bar so that it could appeal. The extension was granted but because of the delay in the district court’s hearing its appeal, Benedor filed-,a proof of claim on the last day of the extension period after receiving assurances from the district court that the filing of a proof of claim in these circumstances would not subject it to the bankruptcy court’s core jurisdiction. The district court did not abuse its discretion in giving this assurance or in so holding in its subsequent ruling.
The majority need not have ventured into the treacherous and uncertain waters that led it to broad pronouncements on what are core and non-core proceedings that caused it to tread close to and possibly to overstep constitutional bounds in addition to sub silen-te overruling our court’s precedents. It need have gone no further than to hold that the district court, exercising equitable jurisdiction as a bankruptcy court, did not abuse its discretion. Indeed, it invites the bankruptcy court on remand to exercise that very discretion.
Accordingly I dissent.